**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATASHA DALLEY<br>737 7th Street SE<br>Washington, DC 20003<br><br>*Plaintiff*<br><br>v.<br><br>MITCHELL RUBENSTEIN & ASSOCIATES, P.C.,<br>a Maryland Professional Corporation<br>12 South Summit Avenue<br>Suite 250<br>Gaithersburg, MD 20877<br><br>*Defendant* | Civil Action No. 1:15-cv-875 |

## COMPLAINT

Plaintiff Natasha Dalley submits her Complaint against Mitchell Rubenstein & Associates, P.C. ("MRA") for unlawful debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq*., District of Columbia Code § 28-3814, *et seq*. and abuse of process.

### I.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 in that the FDCPA claims involve a federal question.

2. Venue is proper under 28 U.S.C. § 1391(b)(2) in that the conduct giving rise to the claims occurred in this jurisdiction.

## II.

## PARTIES

3. Dalley is, and at all times mentioned herein was, a disabled sui juris adult resident within the District of Columbia.

4. Dalley is a consumer as defined by 15 U.S.C. § 1692a(3) in that the private student loan at issue was incurred for personal, family or household purposes to attend Capitol College in Laurel, Maryland.

5. Dalley is and at all times mentioned herein was, a consumer as defined by District of Columbia Code § 28-3901(a)(2) in that the private student loan at issue that was incurred for personal, family or household purposes to attend Capitol College.

6. MRA is, and at times mentioned herein was, a professional corporation with a principal place of business at 12 South Summit Avenue, Suite 250, Gaithersburg, MD 20877.

7. MRA is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) in that they are primarily engaged in the business of collecting defaulted debts alleged to be owed to another.

8. MRA is, and at all times mentioned herein was, a debt collector as defined by District of Columbia Code § 28-3814(b)(3) in that it engages, directly or indirectly, in debt collection.

## III.

## FACTUAL ALLEGATIONS

9. MRA, acting on behalf of National Collegiate Master Student Loan Trust ("Trust") filed a lawsuit in the District of Columbia Superior Court seeking to collect a private student loan from Dalley.[1]

10. The last payment prior to the expiration of the three-year statute of limitations was made on June 6, 2011.

11. MRA filed suit on June 9, 2014, three days after the three-year statute of limitations expired on June 6, 2014.[2]

12. After the statute of limitations expired, a payment in the amount of $240.17 was made on or about August 29, 2011.

13. No signed writings acknowledging or promising to pay the debt were made by Dalley between June 6, 2011 and June 6, 2014.

14. Because of the lawsuit filed by MRA, Dalley filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the District of Columbia.[3]

15. The Trust was created as part of a complex financial arrangement, designed by The First Marblehead Corporation ("FMC"), to convert future receivables on privately-funded student loans into immediate cash while, at the same time, insulating FMC and other participants from potential risk.

---

[1] Case No. 2014 CA 004281

[2] D.C. Code §§ 12-301(7), 28-3504

[3] Case No. 14-00604

16. Although the overall structure is complex, the role of each participant is relatively simple. Student loans were originated by various banks and sold to FMC's affiliate, The National Collegiate Funding, LLC ("TNCFL"). TNCFL, in turn, **conveyed legal title** to the student loans to the Trustees. The Trusts then issued securities to the general public that were backed by the future receivables on the student loans transferred to the Trusts and Wilmington Trust Company ("Trustee"), including whatever proceeds might be received from the student loans' guarantor, The Education Resources Institute, Inc. ("TERI").

17. Legal title to the student loans, however, is held exclusively by the Trustees.

18. Under FMC's master plan, if student loan borrowers defaulted on their obligations, as alleged by NCSLT in their lawsuits, then any legal action against the Plaintiffs would have been initiated by TERI—the loan guarantor—after TERI first fulfilled its contractual obligation to repurchase the defaulted loans from the Trusts. But in mid-2007, FMC's plan began to unravel in a failure of colossal proportions. Overzealous subprime lending resulted in massive defaults, the collapse of the securitization market, and a severe recession. TERI was forced into bankruptcy to avoid its monthly obligations to FMC, and FMC's stock prices plummeted from a record adjusted high of $552.46 per share on January 9, 2007, to a record adjusted low of $1.26 per share on December 1, 2014.

19. To avoid total financial collapse, FMC hatched a plan to use the courts to obtain the student loan proceeds that should have gone to the hapless investors who purchased the securities from the Trusts. Thus, although investors were informed that they bore the risk of loss on defaulted student loans following TERI's insolvency, FMC is now attempting to recover, for itself, the proceeds from the defaulted student loans to the detriment of the investors. This plan

could not succeed, however, unless FMC proceeded without the involvement of the Trustees—who are obligated to retain all student loan proceeds to satisfy the Trusts' note obligations.

20. The real plaintiff in Superior Court had to conceal the fact that the underlying lawsuits were filed without the authorization of the Trustee—the only entities that have the exclusive power to enforce the legal rights pertaining to the student loans they hold. To further that objective, MRA filed those actions in the name "National Collegiate Master Student Loan Trust" rather than in the name of the Trustee.

21. The Trustee never authorized MRA or NCSLT to initiate the underlying lawsuits against Dalley.

22. NCSLT never had the legal capacity to authorize, initiate or further any litigation against the Plaintiffs.

23. MRA's actions are intentional, willful, malicious and in open defiance of federal and state consumer protection statutes.

24. Dalley has sustained actual damages, including attorney's fees and costs, as a direct result of MRA's unlawful debt collection conduct.

## IV.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

25. Dalley repeats, re-alleges and incorporates by reference paragraphs 1-23, inclusive, above, as if fully set forth herein.

26. MRA violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is designed to annoy, harass, oppress, or abuse Dalley by filing suit after the three-year statute of limitations had expired.

27. MRA violated 15 U.S.C. § 1692d(5) by using false, deceptive or misleading means to collect the alleged debt in that it filed suit against Dalley after the three-year statute of limitations had expired.

28. MRA violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and/or legal status of the alleged debt in that it filed suit against Dalley after the three-year statute of limitations had expired.

29. MRA violated 15 U.S.C. §§ 1692e and e(10) by using false, deceptive and misleading representations and/or means to collect the alleged debt in that it filed suit against Dalley after the three-year statute of limitations had expired.

30. MRA violated 15 U.S.C. §§ 1692e and e(10) by using false, deceptive and misleading representations and/or means to collect the alleged debt in that NCSLT never had the legal capacity to authorize, initiate or further any litigation against Dalley.

31. MRA violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable conduct in connection with attempting to collect a consumer debt in that the amounts demanded from Dalley were barred by the three-year statute of limitations.

32. MRA's actions would be deceptive, misleading, abusive, and/or unfair to the least sophisticated consumer.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF DISTRICT OF COLUMBIA CODE § 28-3814 ET SEQ.

33. Dalley repeats, realleges and incorporates by reference paragraphs 1-32, inclusive, above, as if fully set forth herein.

34. MRA violated § 28-3814(c)(3) by attempting coerce payment for the alleged debt by filing suit against Dalley after the three-year statute of limitations had expired.

35. MRA violated D.C. Code § 28-3814(f)(5) by falsely representing the character, extent or amount of the alleged debt by filing suit against Dalley after the three-year statute of limitations had expired.

36. MRA violated D.C. Code § 28-3814(g)(4) by engaging in unfair or unconscionable means to collect the alleged debt by filing suit against Dalley after the three-year statute of limitations had expired.

37. MRA is liable to Dalley for compensatory damages under D.C. Code § 28-3814(j)(1) for their willful violations of law.

38. MRA is liable to Dalley for punitive damages under D.C. Code § 28-3814(j)(2) for their willful violations of law.

## THIRD CLAIM FOR RELIEF

## ABUSE OF PROCESS

39. Dalley repeats, realleges and incorporates by reference paragraphs 1-38, inclusive, above, as if fully set forth herein.

40. MRA misused the legal process by filing suit against Dalley to collect a debt barred by the three-year statute of limitations.

41.     The requisite element of malice or ulterior motive should be inferred from MRA's willful abuse of process.

42.     To the extent such inference fails, malice specifically exists in that MRA acted with a conscious disregard for the rights of Dalley in that their ulterior purpose in misusing legal process was to collect (1) the alleged debt (2) earn a percentage of the debt recovered, and (3) obtain an award of attorney's fees and costs of suit.

43.     As a result of MRA's lawsuit, Dalley filed for Chapter 7 bankruptcy protection and suffered damages.

44.     MRA was a substantial factor in causing Dalley's damages, and the depravity of MRA's conduct fulfills the requirements for an award of exemplary damages.

45.     MRA has a well-documented pattern and practice of filing suits on behalf of NCSLT that are barred by the statute of limitations.

## PRAYER FOR RELIEF

Dalley respectfully prays that judgment be entered against MRA for the following:

    A.     Actual damages;

    B.     Statutory damages;

    C.     Punitive damages;

    D.     Costs of suit and reasonable attorney's fees; and

    E.     For such other and further relief as the court may deem proper.

## JURY DEMAND

Dalley demands trial by jury.

DATED:  June 9, 2015                           Respectfully submitted,


 /s/    Dean Gregory
Dean Gregory (Bar No. 1008846)
**LAW OFFICES OF DEAN GREGORY**
1717 K Street NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 905-8058
Facsimile: (202) 776-0136
E-mail: dean@deangregory.com

*ATTORNEY FOR PLAINTIFF*